UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA FUND and THE NEW YORK CITY
AND VICINITY CARPENTERS LABOR MANAGEMENT
CORPORATION, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, AND MICHAEL J. FORDE AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR NEW
YORK CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

08 CV _____

**COMPLAINT**



Plaintiffs,

-against-

INTERSTATE PAYROLL COMPANY, INC.,

Defendant.
------------------------------------------------------------X

Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

**NATURE OF THE CASE**

1.  This is an action to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Interstate Payroll Company, Inc. ("Employer").

**JURISDICTION**

2. This Court has subject matter jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

**VENUE**

4. Venue is proper in this district in that Plaintiffs' offices are located in this district.

**PARTIES**

5. At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6. The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7. Upon information and belief defendant Interstate Payroll Company, Inc. is a foreign corporation incorporated under the laws of the State of New Jersey with a principal place of business located at 2 Brighton Road, Suite 200, Clifton, NJ 07012.

8. The defendant is an employer within the meaning of section 3(5) of ERISA, 29

2

U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective January 1, 2006. Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated March 25, 2008 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that Interstate Payroll Company, Inc. had failed to make contributions due to the Benefit Funds for the period January 1, 2006 through March 27, 2007, in the principal amount of $35,175.59.

14. The arbitrator also found that Interstate Payroll Company, Inc. was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15. The defendant has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs and against Interstate Payroll Company, Inc. in the principal amount of $35,175.59, plus 10% interest per year from the date of the award to the date of entry of judgment;

3. For attorneys' fees and costs of this action;

4. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
April 29, 2008

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

Case 1:08-cv-04002-WHP   Document 1   Filed 04/29/2008   Page 5 of 12

ORIGINAL

**OFFICE OF THE IMPARTIAL ARBITRATOR**
------------------------------------------X
In The Matter Of The Arbitration

       between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and The New York
City and Vicinity Carpenters Labor-Management
Corporation, by Michael J. Forde and Paul
O'Brien, as Trustees
             And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America

                           (Petitioners)
   -and-

**DEFAULT**

**AWARD**

INTERSTATE PAYROLL COMPANY INC.
                           (Employer)
------------------------------------------X
BEFORE: Robert Herzog, Esq.

    The General Contractors Association of New York, Inc.[1], for, on behalf of, and authorized by the members of the Contractors Association of New York, Inc. and for other employers for whom the GCA is their collective bargaining agent and the District Council of Carpenters of New York City and Vicinity of the United Brotherhood

---

[1] The General Contractors Association of New York, Inc. is hereinafter referred to as the "GCA."

1

of Carpenters and Joiners of America are parties to Collective Bargaining Agreements, including the following Collective Bargaining Agreements:

| Common Reference | Period Covered |
| --- | --- |
| Carpenters 2006 | July 1, 2006 - June 30, 2011 |
| Dockbuilders 2006 | July 1, 2006 - June 30, 2011 |
| Timbermen 2006 | July 1, 2006 - June 30, 2011 |

INTERSTATE PAYROLL COMPANY INC. (hereinafter referred to as the "Employer") is a GCA member and bound to one or more of the above-listed Collective Bargaining Agreements.[2]

The Association of Wall-Ceiling & Carpentry Industries of New York, Incorporated[3], on behalf of its members' firms, and the District Council of Carpenters of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America are parties to a Collective Bargaining Agreement commonly referred to as the 2006 Agreement.[4] INTERSTATE PAYROLL COMPANY INC. is an AWCC member and bound to the above-referenced AWCC Collective Bargaining Agreement.

The GCA Agreements and the AWCC Agreement collectively are hereinafter referred to as the "Multiple Agreements" or the "Multiple Collective Bargaining Agreements." The Multiple

---

[2] The three GCA Collective Bargaining Agreements are hereinafter referred to as the "GCA Agreements."
[3] The Association of Wall-Ceiling & Carpentry Industries of New York, Incorporated is hereinafter referred to as the "AWCC."
[4] The AWCC Collective Bargaining Agreement is hereinafter referred to as the "AWCC Agreement."

2

Collective Bargaining Agreements provide for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Multiple Agreements, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the Multiple Collective Bargaining Agreements, have standing before the Arbitrator. In accordance therewith, the Petitioners, by a January 18, 2008 Notice of Intention to Arbitrate sent to the Employer and its Association bargaining agent, demanded arbitration. The Petitioners alleged the Employer failed to make sufficient benefit contributions to the Funds for the period of January 1, 2006 through March 27, 2007 as required by the Multiple Collective Bargaining Agreements.

A Notice of Hearing dated January 29, 2008 advised the Employer, the Employer's bargaining agent, and the Petitioners that the arbitration hearing was scheduled for February 19, 2008. The Notice of Hearing was sent to the Employer and its bargaining agent by regular and certified mail. United States Postal Service Certified Mail Return Receipts evidence delivery of the Notices of Hearing.

On February 19, 2008, at the place and time designated by the January 29, 2008 Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners. Despite the Employer and its bargaining

agent having been sent notice of the proceeding and the claim against it, no appearance on the Employer's behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Multiple Collective Bargaining Agreements, was presented. The arbitration proceeded as a Default Hearing. Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine witnesses. The Petitioners thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- The Multiple Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Multiple Agreements.
- The Multiple Collective Bargaining Agreements authorized the Funds to conduct audits of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.
- In accordance with this auditing provision, an accountant, employed by the Funds, and with the consent of the Employer, performed audits of the Employer's books and records.

The testimony of the Funds' auditor, Mr. George Pahhas, established that the audit of the Employer's books and records uncovered delinquencies in the amount of contributions due the Funds

4

during the period of January 1, 2006 through March 27, 2007. The testimony further revealed that a copy of the Audit Summary Report had been forwarded to the Employer. Thereafter, the Funds demanded payment by the Employer. When the Employer failed to comply with the payment demand, the Notice of Intent to Arbitrate issued.

Auditor Pahhas's testimony set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The total amount of the delinquency for the January 1, 2006 through March 27, 2007 period was six thousand seven hundred twenty-six dollars and forty-seven cents ($6,726.47). The Petitioners requested an award for contributions owed, interest, liquidated damages, late payment interest, promotional fund assessment, audit and counsel fees, arbitration and court costs as provided for by the Multiple Collective Bargaining Agreements. Testimony computing these amounts was received into evidence.

**AWARD**

Based upon the substantial and credible evidence of the case as a whole:

1. INTERSTATE PAYROLL COMPANY INC. is delinquent in its Fringe Benefit payments due and owing to the Funds under the terms of the Multiple Collective Bargaining Agreements;

2. INTERSTATE PAYROLL COMPANY INC. shall pay to the Funds forthwith the said delinquency amount, interest on said

delinquency amount, liquidated damages, late payment interest, promotional fund assessment, the Funds' audit and counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

| | |
|---|---:|
| Principal Due | $ 6,726.47 |
| Interest Due | 591.15 |
| Liquidated Damages | 1,345.29 |
| Late Payment Interest | 22,571.90 |
| Promotional Fund | 115.78 |
| Court Costs | 350.00 |
| Audit Costs | 1,450.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $ 35,175.59 |

3. INTERSTATE PAYROLL COMPANY INC. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of thirty-five thousand one hundred seventy-five dollars and fifty-nine cents ($35,175.59) with interest to accrue at the rate of 10% from the date of this Award.

4.

_____
Robert Herzog
Arbitrator

Dated: March 25, 2008

State of New York )
County of Rockland )

I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

_____
Robert Herzog
Arbitrator

Dated: March 25, 2008

6

To: INTERSTATE PAYROLL COMPANY INC.
Attn: Mr. Frank Ditomasso, President
2 Brighton Road, Suite 200
Clifton, New Jersey 07012

Steven Kasarda, Esq.
New York City District Council Carpenters Benefit Funds
395 Hudson Street
New York, New York 10014

7